UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL BROWN,<br><br>                        Plaintiff,<br><br>       -against-<br><br>CITY OF SHAMOKIN POLICE DEPARTMENT,<br><br>                        Defendant. | 21-CV-8821 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in New York, New York, brings this *pro se* action alleging that officers from the City of Shamokin Police Department (SPD) violated her rights in Shamokin, Pennsylvania. She names the SPD as the sole defendant. The SPD is located in Northumberland County, Pennsylvania. For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania.

**CONCLUSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, who previously resided in Shamokin, Pennsylvania, alleges that SPD officers failed to respond to "a neighbor issue." (ECF 2, at 5.) Plaintiff's neighbor, however, called the

police and "the[y] came to [Plaintiff's] porch (at the time) took [her] radio and told [her] to get in the house." (*Id.*) Plaintiff also alleges that "they … harass in town and on [her] block." (*Id.*)

Because the SPD does not reside in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims arose outside this district, venue is not proper in this court under Section 1391(b)(1) or (2). Plaintiff's claims arose in Shamokin, Pennsylvania, which is in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b). Accordingly, venue lies in the Middle District of Pennsylvania, 28 U.S.C. § 1391(b)(1), (2), and the Court transfers this action to the United States District Court for the Middle District of Pennsylvania, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons will not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 16, 2021
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge